UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ST JOHNS UNITED METHODIST CHURCH, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3-11-57 |
| | § | |
| DELTA ELECTRONICS, INC., *et al*, | § § | |
| Defendants. | § § | |

# MEMORANDUM OPINION

On the evening of September 10, 2009, a fire broke out at St. Johns United Methodist Church in Texas City, gutting the church's worship center. St. Johns filed suit claiming that the fire was caused by an uninterruptible power source ("UPS"), which Defendant Delta Electronics, Inc. designed and manufactured and Defendant Belkin International, Inc. branded and sold. St. Johns purchased the UPS from nonparty Buddy's Independent Telephone Service as part of a telephone installation in 2001. Defendants claim, and St. Johns does not dispute, that Defendants had no direct contact with St. Johns at the time of sale or any time thereafter until the filing of this lawsuit.

Defendants now move for partial summary judgment, seeking dismissal of the common law breach of warranty and statutory Texas Deceptive Trade Practices Act ("DTPA") claims. Defendants argue both that the claims are time barred and

that St. Johns has presented no evidence to support elements of the claims. For the following reasons, Defendants' motion is GRANTED.

## I. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate where there is no genuine issue on any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant has the burden of establishing that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 877 U.S. 317, 331 (1986). All reasonable doubts on questions of fact must be resolved in the non-movant's favor. *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted).

### B. Common Law Breach of Warranty Claims

#### 1. Breach of Implied Warranty

The statute of limitations bars St. Johns's breach of implied warranty claim.[1] A four year statute of limitations applies to breach of implied warranty claims. Tex. Bus. & Com. Code Ann. § 2.725(a) (West 2012) (providing for a four-year

---

[1] St. Johns's First Amended Complaint properly sets forth a claim for breach of implied warranty, but St. Johns states in its response to Defendants' motion for summary judgment that it is not asserting this claim. Nevertheless the Court will address the claim, since it is properly pleaded and Defendants have moved for summary judgment on it.

statute of limitations for all UCC breach of contract for sale claims).  An implied warranty, unlike an express warranty, cannot extend to future performance. *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 546 (Tex. 1986). Therefore, the statute of limitations begins to run on a breach of implied warranty claim from the date of sale.  *Id.*

In this case, the breach of implied warranty cause of action accrued in 2001, when Buddy's sold the UPS to St. Johns.  The four-year statute of limitations on the claim began to run from the date of sale, and thus expired in 2005, years before this suit was filed.  The common law breach of implied warranty claim must fail.

### 2. Breach of Express Warranty

To prevail on its breach of express warranty claim, St. Johns must show: (1) Defendants made an affirmation of fact or promise relating to the UPS; (2) the affirmation or promise became part of the basis of the bargain; (3) St. Johns relied on the affirmation or promise; (4) the UPS failed to comply with the affirmation or promise; (5) St. Johns was injured by this failure; and (6) the failure was the proximate cause of St. Johns's injuries.  *Johnson v. Philip Morris*, 159 F. Supp. 2d 950, 952 (S.D. Tex. 2001); *see also* Tex. Bus. & Com. Code Ann. § 2.313.  Here, St. Johns cannot survive the first step of the inquiry because it has failed to show that Defendants made an affirmation of fact or a promise relating to the UPS.

To support their contention that Defendants made such an affirmation or promise, St. Johns offers "exemplar" UPS packaging that promises to deliver "clean and consistent power at all times." *See* Pls.' Resp. to Traditional and No-Evidence Mot. for FRCP 56 Partial Summ. J. and Br. in Supp. Thereof 5, ECF No. 87. The undisputed evidence shows that this "exemplar" UPS packaging is for a different model UPS than the UPS at issue in this case. The "exemplar" UPS has a different model number than the UPS St. Johns purchased from Buddy's; the "exemplar" is a 220-volt unit, while the UPS St. Johns purchased was a 110-volt unit; and the "exemplar" was marketed and sold in the United Kingdom, while St. Johns's was marketed and sold in the United States. St. Johns has presented no evidence to show that the packaging for this "exemplar" UPS is the same or similar to the packaging of the different UPS installed at the church.

Even if the Court accepted the "exemplar" as an accurate representation of the relevant UPS packaging, the evidence cannot establish that an explicit warranty was made to St. Johns. St. Johns has not alleged or presented evidence showing that any church member or representative ever saw any UPS packaging prior or subsequent to the telephone system's installation such that an express warranty could arise. *See* Tex. Bus. & Com. Code Ann. § 2.313 (requiring, for an express warranty to arise, that seller make an affirmation of fact or promise to the buyer or a representation that becomes the basis of the bargain); *Methodist Hosp. v. Zurich*

*Am. Ins. Co.*, 329 S.W.3d 510, 527 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (noting that plaintiff must prove that "the defendant made a representation *to the plaintiff*" as an element of a breach of express warranty claim) (emphasis added). St. Johns has presented no evidence to show an express warranty arose and therefore cannot make a case for breach of express warranty. Consequently, this claim is dismissed.

### C.     DPTA Claims

St. Johns asserts additional breach of express and implied warranty claims through the statutory framework of the DTPA. *See* Tex. Bus. & Com. Code Ann. § 17.50(a)(2). Although the analysis for breach of warranty claims is different under the DTPA, the summary judgment evidence nevertheless supports dismissal. Defendants are also entitled to judgment as a matter of law on St. Johns's DTPA laundry list violation claims.

#### 1.     Statute of Limitations

The DTPA's two-year statute of limitations period is tolled under the discovery rule until the plaintiff discovers, or through the exercise of reasonable care and diligence should have discovered, his injury. Tex. Bus. & Com. Code Ann. § 17.565; *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex. 1990) (noting that the Texas legislature wrote the discovery rule into the DTPA). A Texas intermediate appellate court has held that, although a common law breach of warranty claim has

a four-year limitations period running from the date of sale, the DTPA's statutory discovery rule governs breach of warranty claims brought under the DTPA. *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 188–89 (Tex. App.—Dallas 1996, no writ).[2] While these rules seem in tension, the Court is *Erie*-bound to apply the law as interpreted by the highest state court to rule on the matter. *Birmingham Fire Ins. Co. v. Winegardner & Hammons, Inc.*, 714 F.2d 548, 550 (5th Cir. 1983).

The discovery rule thus renders summary judgment on a statute of limitations defense inappropriate under the facts of this case. *See also Burns*, 786 S.W.2d at 266–67 (reversing grant of summary judgment on statute of limitations grounds where defendant failed to establish when plaintiff discovered or should have discovered the facts giving rise to his causes of action). The Court must address the merits of these claims.

### 2.  DTPA Breach of Express and Implied Warranty Claims

The Texas Supreme Court has made clear that DTPA breach of warranty claims cannot be brought against remote, or "upstream," manufacturers or suppliers. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649–50 (Tex. 1996). Although the *Amstadt* decision dealt only with DTPA laundry list and

---

[2] One Texas intermediate court of appeals has disagreed with the reasoning in *Lochinvar*. *See Pecan Valley Nut Co. v. E.I. du Pont de Nemours & Co.*, 15 S.W.3d 244, 249 (Tex. App.—Eastland 2000, pet. granted, judgm't vacated w.r.m.). That case is distinguishable on the grounds that the *Pecan Valley* court did not view the breach of warranty claims as being brought under the DTPA. *Id.* ("[I]n *Lochinvar* the court noted that the breach of implied warranty claims were asserted 'under the DTPA.' That is not true in this case.") For this reason, its statements disagreeing with the *Lochinvar* decision are dicta.

unconscionability claims, the court has since explained that its decision "leaves no basis for distinguishing breach-of-warranty DTPA claims." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 88 n.37 (Tex. 2004). The Texas Supreme Court thus overruled a previous case in which it had held that a subsequent purchaser could assert a breach of implied warranty claim under the DTPA and now applies the following rule: "a down-stream buyer *can* sue a remote seller for breach of an implied warranty, but *cannot* sue under the DTPA." *Id.* at 88 n.37, 89 (emphasis in original); *see also Gupta v. Ritter Homes, Inc.*, 646 S.W.2d 168, 169 (Tex. 1983), *overruled by PPG*, 146 S.W.3d at 88–89 & n.37.

Because St. Johns did not deal with either Defendant in purchasing the UPS, Defendants are remote sellers. Under Texas law, St. Johns cannot bring a DTPA-based breach of warranty claim against Defendants. Defendants' summary judgment motion therefore succeeds with respect to the DTPA breach of warranty claims.

### 3. DTPA Laundry List Violations

Consumers may maintain a DTPA cause of action under any of the statutory enumerated false, misleading, or deceptive practices—the so-called "laundry list violations" contained in § 17.46(b). *See* Tex. Bus. & Com. Code Ann. § 17.50(a)(1)(A). A plaintiff must also show that he relied on the defendant's practice or act to his detriment. *Id.* § 17.50(a)(1)(B). Additionally, to be

actionable under the DTPA, a defendant's practice or act must be "committed *in connection with* the plaintiff's transaction in goods or services." *Amstadt*, 919 S.W.2d at 650 (Tex. 1996) (emphasis in original).

To prevail on its DTPA laundry list claims, St. Johns must establish: (1) it was a consumer of Defendants' goods or services;[3] (2) Defendants engaged in false, misleading, or deceptive acts as put forth in the DTPA's laundry list; and (3) such acts were a producing cause of St. Johns's injury. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 177 F. Supp. 2d 580, 588 (S.D. Tex 2001) (citing *Brown v. Bank of Galveston, Nat'l Ass'n*, 963 S.W.2d 511, 513 (Tex. 1998)).

St. Johns has alleged in its First Amended Complaint that Defendants committed the following laundry list violations:

(1) Representing that the UPS had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it did not have.

(2) Representing that the UPS was of a particular standard, quality, or grade when it was not.

(3) Failing to disclose information concerning the UPS that Defendants knew at the time of the transaction, with the intention of inducing St. Johns into a transaction it would not have entered if the information had been disclosed.

*See* Pls.' First Am. Compl. 5, ECF No. 35; *see also* Tex. Bus. & Com. Code Ann. §§ 17.46(b)(5), (b)(7), & (b)(24).

---

[3] Neither party disputes that St. Johns is a consumer within the meaning of the DTPA. *See* Tex. Bus. & Com. Code § 17.45(4) (defining "consumer").

To support its first two laundry list violation claims regarding representations about characteristics and quality of goods, St. Johns directs the Court to its "exemplar" UPS packaging.  As discussed previously, this "exemplar" packaging cannot be fairly considered to constitute a representation to St. Johns on the part of Defendants.  The packaging is for a different model UPS marketed in the UK, and St. Johns has failed to show that any church member or representative saw or relied upon any UPS packaging prior to the filing of this lawsuit.  In addition, because Defendants did not make any representations directly to St. Johns, the DTPA's "in connection with" requirement is lacking.  *See Amstadt*, 919 S.W.2d at 650; *see also Brittan*, 177 F. Supp. 2d at 589 (granting summary judgment on plaintiffs' DTPA claims when defendant's alleged representations were not made directly to plaintiff and therefore did not satisfy the DTPA's "in connection with" requirement).

St. Johns also cites deposition testimony from two experts who opine that the UPS caused the fire.  Neither expert testifies to the relevant issue for purposes of this motion: whether Defendants made any representations to St. Johns.  The Court "find[s] no authority for shifting the focus of a DTPA claim from whether the defendant committed a deceptive act to whether a product that was sold caused an injury."  *Amstadt*, 919 S.W.2d at 650.  St. Johns's strict liability and negligence

claims, which remain in the case, are the proper vehicles for determining that latter issue.

With respect to the third laundry list violation claim, failure to disclose, St. Johns must establish (1) Defendants knew information regarding the UPS at the time of its sale; (2) the information was not disclosed; (3) Defendants intended to induce St. Johns into the transaction through its failure to disclose; and (4) St. Johns would not have entered into the transaction if the information had been disclosed. *Patterson v. McMickle*, 191 S.W.3d 819, 827 (Tex. App.—Fort Worth 2006, no pet.).

Nowhere in its briefing does St. Johns offer evidence that Delta or Belkin knew and withheld any information at the time of sale.  St. Johns does not allege any contact with Defendants prior to this lawsuit's filing.  Even if St. Johns had presented such evidence or allegations, "the plaintiff must also show that the information was withheld with the intent of inducing the consumer to engage in a transaction."  *Willowbrook Foods, Inc. v. Grinnell Corp.*, 147 S.W.3d 492, 507 (Tex. App.—San Antonio 2004, pet. denied) (citations omitted) (upholding grant of summary judgment on DTPA nondisclosure claim when plaintiffs had not brought forth "more than a scintilla of probative evidence" on the intent to induce element); *see also Lee v. Catlin Specialty Ins. Co.*, 766 F. Supp. 2d 812, 827 (S.D. Tex. 2011) (granting summary judgment on DPTA nondisclosure claim when

plaintiff failed to identify what information defendant withheld in an effort to induce plaintiff into entering an insurance contract). St. Johns has produced no such evidence. The nondisclosure claim accordingly fails.

## II.   CONCLUSION

St. Johns's breach of implied warranty claim is barred under the statute of limitations and its breach of express warranty claim must be dismissed because there is no evidence to support the existence of an express warranty. The DTPA breach of warranty claims brought against Defendants as upstream entities are barred under Texas case law. St. Johns has further failed to present any evidence that raises a genuine issue of material fact with respect to its DTPA laundry list claims. For these reasons, Defendants' Traditional and No-Evidence Motion for FRCP 56 Partial Summary Judgment and Brief in Support Thereof (ECF No. 57) is **GRANTED**.[4]

SIGNED this 3rd day of August, 2012.

_____
Gregg Costa
United States District Judge

---

[4] In their motion for summary judgment, Defendants request judgment as a matter of law with respect to attorneys' fees, arguing that St. Johns seeks attorneys' fees only on its breach of warranty and DTPA claims. *See* Defs.' Traditional and No-Evidence Mot. for FRCP 56 Partial Summ. J. and Br. in Supp. Thereof 9–10, ECF No. 57. The Court reserves its ruling on attorneys' fees for a later date.