UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ST JOHNS UNITED METHODIST CHURCH, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3-11-57 |
| | § | |
| DELTA ELECTRONICS, INC., *et al*, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

After a fire destroyed its worship center, St. Johns United Methodist Church filed suit against Defendants Delta Electronics, Inc. and Belkin International, Inc. St. Johns alleges that the fire was caused by an uninterruptible power source ("UPS") designed and manufactured by Delta and branded and sold by Belkin. Defendants have vigorously denied liability, and more than a year into this litigation filed counterclaims against St. Johns, alleging that the church engaged in fraud, negligent misrepresentation, and conspiracy to commit fraud in blaming the fire on them.

In response to the counterclaims, St. Johns filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction; Motion to Dismiss for Failure to State a Claim; and in the Alternative, Motion for a More Definite Statement. Having reviewed the briefing, the complaint, and the applicable authorities, the 12(b)(6)

motion is GRANTED because Defendants have failed to state the required reliance element of the fraud-based claims.

I.     **FACTUAL BACKGROUND**

St. Johns purchased the UPS at issue from nonparty Buddy's Independent Telephone Service as part of a telephone system installation in 2001. The fire occurred on the evening of September 10, 2009. After investigating the fire's cause, St. Johns filed suit against Defendants under several theories of recovery, alleging that Defendants' UPS was to blame.

On April 9, 2012, Defendants filed counterclaims against St. Johns and a third-party complaint seeking contribution and indemnification against church members Matt and Bryce Raines, whom Defendants contend are responsible for the fire. The counterclaims against St. Johns are based on allegations that St. Johns, its insurance claims personnel, and its experts conducted a fraudulent fire investigation, with the goal of identifying a potentially liable party with "deep pockets." Defendants contend that St. Johns concealed evidence indicating that Bryce Raines was at fault, and instead concocted evidence blaming Defendants so this products liability case could be filed.

St. Johns has moved for dismissal of Defendants counterclaims on two grounds. First, St. Johns argues that these claims must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because they are not ripe for this Court's

consideration. Second, St. Johns argues that the claims must be dismissed under Rule 12(b)(6) because Defendants have failed to state a claim upon which relief can be granted. Defendants disagree, and in the alternative seek permission to amend their complaint.

## II. DISCUSSION

### A. St. Johns's 12(b)(1) Motion to Dismiss on Ripeness Grounds

A ripeness defense challenges a court's subject matter jurisdiction and is appropriately raised through a Rule 12(b)(1) motion. *Certain Underwriters at Lloyd's London v. A&D Interests, Inc.*, 197 F. Supp. 2d 741, 748 (S.D. Tex. 2002). When faced with multiple 12(b) motions, the district court should consider the Rule 12(b)(1) challenge first, because without subject matter jurisdiction the court does not have authority to proceed further. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2004).

The ripeness inquiry requires the court to evaluate: (1) the fitness of the issue for judicial decision, and (2) the hardship to the parties in withholding judicial consideration. *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003). Fitness considerations ask primarily whether the issues at stake are purely legal or whether further factual development is necessary for proper resolution of the case. *Id.* at 812. Hardship examines the difficulty the parties face

if judicial relief is denied. *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 162 (1967).

Ripeness is a justiciability doctrine designed to prevent federal courts from prematurely adjudicating abstract disagreements as opposed to concrete disputes. *Nat'l Park*, 538 U.S. at 807–08 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967)). Ripeness arguments are typically raised when a plaintiff brings a pre-enforcement challenge to a statute or regulation. *See, e.g.*, *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 736–37 (1998) (finding a dispute not ripe because the court could better evaluate the contested statute under a concrete dispute as opposed to the abstract challenge brought by the plaintiff); *Abbott Labs.*, 387 U.S. at 149 (finding a pre-enforcement challenge to federal regulations fit for judicial review where both parties agreed that the issues presented were purely legal).

St. Johns argues that Defendants' counterclaims are not ripe because no factfinder has made a determination that the UPS was defective or that St. Johns made false representations to Defendants. Defendants respond, and this Court agrees, that the alleged conduct giving rise to these claims—St. Johns's fire investigation and subsequent lawsuit seeking to hold Defendants liable—has already occurred.

Further, Defendants have already incurred their alleged damages of having to defend the products liability case. If a jury were to reject St. Johns's products liability claims, that might strengthen the evidentiary support for Defendants' counterclaims, which essentially contend they were "framed." That is why claims similar to Defendant's counterclaim (which, for the reasons discussed below, are more appropriately brought as malicious prosecution claims) are typically brought after conclusion of the underlying lawsuit. But such an official ruling is not a prerequisite. For these reasons, the Court has determined that it has subject matter jurisdiction over Defendants' counterclaims.

### B.   St. Johns's 12(b)(6) Motion to Dismiss for Failure to State a Claim

While the Defendants' counterclaims are ripe for resolution, the fraud-based claims do not fit the alleged facts. The Federal Rules require that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A "formulaic recitation of the elements of a cause of action" or naked assertions devoid of "further factual enhancement" will

not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557 (internal quotation marks omitted)).

Defendants have alleged three counterclaims against St. Johns: fraud, negligent misrepresentation, and conspiracy to commit fraud. Under Texas law, the elements of fraud are: (1) a material representation was made; (2) the representation was false; (3) the speaker knew the representation was false or made it recklessly without knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act on it; (5) the party acted in reliance on the representation; and (6) the party suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Negligent misrepresentation claims lower the *mens rea* requirement, but still include the reliance element. *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923–26 (Tex. 2010); *Ortiz v. Collins*, 203 S.W.3d 414, 421–23 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Coastal Bank SSB v. Chase Bank of Tex., N.A.*, 135 S.W.3d 840, 842–45 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (all discussing reliance element of fraud and negligent misrepresentation claims simultaneously). Because the conspiracy counterclaim has fraud as its object, it also has a reliance element. *See Grant Thornton*, 314 S.W.3d at 930–31 ("Because the fraud claim based on those misrepresentations fails, the conspiracy . . . claim[] dependent on that fraud fail[s] as well."); *Ernst & Young,*

*L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex. 2001) (holding that a "conclusion on the fraud issue necessarily disposes of" a conspiracy to commit fraud claim).

Even accepting the factual allegations underlying the counterclaims as true, the reliance element common to all three counterclaims is lacking. Defendants assert that the fire investigation and its subsequent finding of Defendants' alleged culpability was a false material representation that St. Johns undertook with knowledge or reckless disregard of its falsity. Defendants did not properly plead, however, that they acted in reliance upon this fire investigation or its finding of culpability. For example, Defendants do not allege that they paid a settlement claim or otherwise admitted liability. In fact, just the opposite is true; Defendants continue to vigorously protest their liability and defend this suit.

In asserting that they relied on St. Johns's false statements by having to defend this lawsuit, Defendants misstate the reliance element of a fraud claim. The reliance element common to these claims implicitly requires that the victim not believe that the statement at issue is false. *Wright v. Sydow*, 173 S.W.3d 534, 546 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (citing *McMahan v. Greenwood*, 108 S.W.3d 467, 479–81 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)). When a complainant believes the representations are fraudulent, the necessary elements of a fraud claim cannot be established. *Id.* "If the person to

whom a false representation is made is aware of the truth, it is obvious that he is neither deceived nor defrauded, and, therefore, any loss he may sustain is not traceable to the representation but is self-inflicted." *Bynum v. Signal Ins. Co.*, 522 S.W.2d 696, 700 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.).

In short, a fraud claim requires that the victim be fooled and Defendants have not been fooled. From day one they have disputed St. Johns's claim that their product caused the fire. St. Johns succeeds on its 12(b)(6) motion because Defendants do not, and under the facts of this case cannot, allege that they believed St. Johns's representations, let alone that they acted to their detriment based on such a mistaken belief.

### C. Defendants' Request to Amend

Defendants have requested leave to amend should this Court find their complaint insufficient. A party may amend its pleadings once as a matter of course within twenty-one days of serving it or twenty-one days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). In all other cases, a party may only amend with written consent of the opposing party or with leave of the court. Fed. R. Civ. P. 15(a)(2). The Federal Rules require leave to be given freely "when justice so requires." *Id.*

As discussed above, the Court perceives no set of facts Defendants can plead to properly state a cause of action for the fraud-based claims, given the aggressive

defense they have waged against St. Johns's claims. Any attempt to amend those claims therefore would be futile. *See Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007) (listing "futility of amendment" as one permissible ground for denying leave to amend (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

Furthermore, the late stage of this litigation[1] counsels against allowing Defendants to replead the fraud counterclaims or to assert other causes of action that would avoid the reliance problem. Additional answers, discovery, and motions related to any new causes of action would further prolong this litigation. Defendants retain the ability to assert new causes of action against St. Johns in a separate lawsuit. The interests of justice do not require that Defendants be granted leave to amend at this late stage.

### III.  CONCLUSION

St. Johns's 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF No. 91) is **GRANTED**. As a result of these rulings, Defendants' Motion to Compel (ECF No. 111), which seeks discovery related to its counterclaims, is **DENIED** as moot.

---

[1] The final pretrial conference in this matter is scheduled for August 30, 2012.

SIGNED this 3rd day of August, 2012.

_____
Gregg Costa
United States District Judge