UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ST JOHNS UNITED METHODIST CHURCH, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 3-11-57 |
| | § § | |
| DELTA ELECTRONICS, INC., *et al*, | § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

This case arises from a 2009 fire at St. Johns United Methodist Church. St. Johns filed suit against Defendants Delta Electronics, Inc. and Belkin International, Inc., alleging that the fire was caused by an uninterruptible power source ("UPS") that Delta designed and manufactured and Belkin branded and sold. Defendants later filed a third-party complaint against Matt and Bryce Raines. Defendants contend that the fire was caused by nine-year-old Bryce, who was six at the time of the fire. Defendants further allege that Bryce's father Matt was negligent in supervising Bryce during the time leading up to the fire.

Matt and Bryce Raines filed their 12(b)(6) Motion to Dismiss, or in the Alternative, Motion to Abate. They allege that the capacity in which Bryce was sued is contrary to Texas law and that Defendants have failed to plead sufficient factual detail concerning Bryce's liability. In the alternative, they request that the

Court abate this portion of the proceedings until Bryce reaches age eighteen. For the following reasons, the motion is DENIED.

## I.  DISCUSSION

### A.  Minors as Named Defendants

Under Texas law, minors may be properly joined as defendants through their next friend. *Am. Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2d 491, 492 (Tex. 1995) (per curiam) (citing *Orange Grove Indep. Sch. Dist. v. Rivera*, 679 S.W.2d 482, 483 (Tex. 1984)). When a minor is named as defendant, the court's personal jurisdiction over the minor depends on "whether the minor's interests have been properly protected and whether a deficiency in notice or due process has been shown." *Id.* (citations omitted).

But Defendants' Original Third-Party Complaint did not sue Bryce through a next friend; it sued him directly. At a status hearing, the Court voiced doubts about the propriety of directly suing a minor given the apparent paucity of such lawsuits in Texas courts and at least one intermediate appellate court's statement that "a minor is not sui juris; generally he may not sue or be sued except as the rules of procedure provide." *Vandewater v. Am. Gen. Fire & Cas. Co.*, 890 S.W.2d 811, 814 (Tex. App.—Austin 1994), *rev'd on other grounds by Vandewater*, 907 S.W.2d 491.

To insure that Bryce's interests are adequately protected and that there is no deficiency in notice or due process, Defendants have agreed to replead their complaint, naming as third-party defendants Matt Raines in his individual capacity and as next friend of Bryce Raines, a minor. Such amendment will cure any defect in the capacity in which Bryce was sued and also moots the motion to abate. *See Molano v. State*, 262 S.W.3d 554, 558 (Tex. App.—Corpus Christi 2008, no pet.) ("A motion to abate is used to challenge the plaintiff's pleadings by which the defendant identifies a defect and asks the trial court to keep the suit from going forward until plaintiff corrects the defect."). Defendants have already filed their motion for leave to file a first amended petition reflecting this change.

**B.    12(b)(6) Motion to Dismiss for Failure to State a Claim**

The Federal Rules require that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A "formulaic recitation of the elements of a cause of action" or naked assertions

devoid of "further factual enhancement" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557 (internal quotation marks omitted)).

Matt and Bryce Raines allege that Defendants have failed to plead sufficient facts in that they do not allege specific actions or omissions on the part of Bryce that may have caused the fire. Defendants assert, and this Court agrees, that the Federal Rules do not require such specificity. The Defendants have sufficiently supported their claim for indemnification and contribution against Bryce Raines by alleging that he was near the location where Defendants allege the fire began—the church's prayer room—directly before the fire began. *See* Original Third-Party Compl. 2–3, ECF No. 77. Defendants need not plead the precise manner in which Bryce allegedly started the fire, especially in light of the difficulty of anyone other than Bryce having that information. *Cf. Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 605 (11th Cir. 2008) (rejecting a *Twombly* challenge because "[t]he very nature of a products liability action—where the cause or source of the defect is not obvious to the consumer—would make it difficult for an appellant to pinpoint a specific source of defect against one entity along the chain of distribution").

4/5

## II. CONCLUSION

Matt and Bryce Raines's 12(b)(6) Motion to Dismiss, or in the Alternative, Motion to Abate (ECF No. 104) is **DENIED**.  Defendants' Motion for Leave to File First-Amended Third-Party Complaint (ECF No. 121) is **GRANTED**.

SIGNED this 7th day of August, 2012.

_____
Gregg Costa
United States District Judge